IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LeVAIL GIVENS, #K57839, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00303-MJR |
| | ) |
| DAVID VAUGHN, | ) |
| STEVE KEIM, | ) |
| BETH TREDWAY, | ) |
| RICHARD MOORE, | ) |
| STEVE DUNCAN, | ) |
| TERRI ANDERSON, | ) |
| JEFFREY STRUBHART, | ) |
| DONALD STOLWORTHY, | ) |
| GLADYSE TAYLOR, | ) |
| SALVADOR GODINEZ, | ) |
| and JOHN BALDWIN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff LeVail Givens filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, in order to challenge the denial of a religious diet and group worship services that conform with the tenets of his religion at Lawrence Correctional Center ("Lawrence"). (Doc. 1). He sues eleven officials in the Illinois Department of Corrections ("IDOC") for monetary damages and injunctive relief. In addition, he seeks a preliminary injunction requiring the IDOC to provide a kosher diet and regular group worship services to all Hebrew Israelites in IDOC custody.[1] (Doc. 1, pp. 23-24; Doc 4).

---

[1] Plaintiff indicates that he would like to pursue his claims in a class action. (Doc. 1 at 22). However, he has not filed a motion seeking class certification, and "until certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiff." *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002). Further, he is proceeding *pro se* in this matter at this

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Upon review of the allegations, the Court finds that the complaint survives preliminary review under § 1915A.

## The Complaint

Plaintiff is an African-American inmate who practices Judaism. According to the complaint, he is a member of the Hebrew Israelite Tribe who, for many years, has been unable to freely exercise his religion at Lawrence. (Doc. 1, pp. 10-22). Prison officials have denied his requests for regular group worship services with other Hebrew Israelites for five years, and the prison stopped serving him a kosher diet after authorizing for three years. (*Id*.). A summary of the allegations offered in support of Plaintiff's claims are followed by a discussion of the claims below.

**1. Group Worship Services**

As a Hebrew Israelite, Plaintiff is required to attend group Sabbath Day services and ceremonies with other members of his religion. (*Id*. at 13-15). Services are generally held ninety minutes prior to sunset each Saturday. However, they may also be held for ninety minutes during the morning or noon hour. Plaintiff has requested these services since 2011.

David Vaughn, the prison's chaplain, will not accommodate Plaintiff's request. Chaplain Vaughn's actions are allegedly retaliatory. (*Id*. at 13). The chaplain warned Plaintiff that he

---

time, and a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.

would "lose," if Plaintiff filed grievances against him. (*Id*. at 14). Plaintiff's grievances and Chaplain Vaughn's alleged retaliation followed.

The chaplain only offers a combined service for Hebrew Israelites and African Hebrew Israelites. Plaintiff is African-American, but he is *not* an African Hebrew Israelite, which he claims is more akin to the Black Power movement. Hebrew Israelites and Black Hebrew Israelites do not share the same deity or religious beliefs. For these reasons, the worship services should not be combined. Further, a Hebrew Israelite Moreh or Rabbi should lead worship services.[2] Plaintiff maintains that it is possible to hold separate services for these groups, but Chaplain Vaughn simply refuses to do so.[3]

### 2.     Religious Diet

Plaintiff also claims that the prison stopped serving him a kosher diet after three years of authorizing it. (*Id*. at 15-22). Chaplain Keim, the IDOC's head chaplain, made this decision after reviewing the sacrificial dietary Torah in Leviticus and concluding that it prohibits the consumption of blood and fat in clean animals. (*Id*. at 15). According the Chaplain Keim, only a vegan diet complies with this law.

But Plaintiff alleges that the general dietary Torah permits the consumption of certain fats and blood in meat, as long as they are kosher. (*Id*. at 16). Although he agrees that some Hebrew Israelites consume a vegan diet, Plaintiff insists that others do not. Plaintiff falls into this latter category. He sincerely believes that a kosher diet is necessary to exercise his religion. (*Id*.).

Plaintiff insists that Chaplain Keim is specifically targeting African-Americans who practice Judaism, based on their race and religion. According to the complaint, Chaplain Keim is a "[W]hite Jew," and he only authorizes kosher diets for other "[W]hite Jews." (*Id*. at 17).

---

[2] Plaintiff admits that his own attempts to find a Hebrew Israelite worship leader have been unsuccessful.
[3] At Menard Correctional Center, for example, Chaplain Steve Keim (IDOC head chaplain) holds African Hebrew Israelite services during the week and Hebrew Israelite Sabbath Day services on Saturdays. (*Id*.).

He refuses to do so for African-Americans who practice Judaism, offering this latter group no other option than a vegan diet. As a result, they are forced to supplement their diets with food purchased from the prison's commissary. (*Id*. at 17-18).

According to the complaint, other high-ranking IDOC officials are aware of and support the policies, customs, or practices described above. These officials refuse to intervene and stop the violations of Plaintiff's rights. They include Salvador Godinez (IDOC Director), Gladyse Taylor (IDOC Director), Donald Stolworthy (IDOC Director), John Baldwin (IDOC Director), Steve Duncan (chief administrative officer), Richard Moore (warden of operations), Beth Tredway (warden of programs), Jeffrey Strubhart (grievance officer), and Terri Anderson (administrative review board member). (*Id*. at 14-15).

In connection with these claimed deprivations, Plaintiff now seeks monetary damages and injunctive relief against the defendants. (*Id*. at 23-24). He has also filed a Motion for a Preliminary Injunction (Doc. 4), in which he asks the Court to enter and Order requiring prison officials to serve him a kosher diet and to provide him with regular access to group Sabbath Day services and ceremonies with other Hebrew Israelites.

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* complaint into the following enumerated counts:

> **Count 1:** **Chaplain Vaughn denied Plaintiff access to group Sabbath Day services with Hebrew Israelites in violation of the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc-1(a));**

> Count 2: Chaplain Vaughn retaliated against Plaintiff for filing grievances against him by interfering with the free exercise of his religion in violation of the First Amendment;
>
> Count 3: Chaplain Keim denied Plaintiff a kosher diet in violation of the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc-1(a)); and
>
> Count 4: Chaplain Keim denied Plaintiff equal protection of the law guaranteed under the Fourteenth Amendment when treating his request for a kosher diet differently than identical requests of "[W]hite Jews."

The Court has not recognized a separate claim regarding the denial or disregard of Plaintiff's grievances because this gives rise to no independent constitutional violation under the Due Process Clause of the Fourteenth Amendment. *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011). This claim is considered dismissed with prejudice for failure to state a claim upon which relief may be granted.

## Discussion

**Counts 1 and 3 – Free Exercise and RLUIPA Claims**

The First Amendment's Free Exercise Clause prohibits prison officials from imposing a substantial burden on the free exercise of religion, unless the burden is reasonably related to a legitimate penological interest. *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). The Religious Land Use and Institutionalized Persons Act ("RLUIPA") offers broader protections than the First Amendment. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). RLUIPA applies to state and local governments and to those acting under color of state law. *See* 42 U.S.C. § 2000cc-5(4). It offers broad protection to institutionalized persons by prohibiting substantial burdens on their religious exercise. § 2000cc-3(g). This protection extends to "any exercise of religion, whether or not compelled by, or central to, a system of

religious belief." § 2000cc-5(7)(A). The First Amendment and RLUIPA claims in Counts 1 and 3 shall be allowed to proceed.

However, Counts 1 and 3 cannot proceed against all of the defendants named in connection with these claims. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (citations omitted). In other words, to state a claim against the defendants under § 1983, Plaintiff must show that each official "through the official's own individual actions . . . violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A government official may not be held liable under § 1983 on a theory of *respondeat superior*, or supervisory liability. *Id*. To be held liable, a government supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . . ." *Vance*, 97 F.3d at 992 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Conclusory allegations to this effect do not state a claim. *Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009).

In light of these standards, Plaintiff shall be allowed to proceed with the Free Exercise Claim in Count 1 against David Vaughn (Lawrence's chaplain) and in Count 3 against Steve Keim (IDOC's head chaplain). The allegations suggest that both of these individuals personally participated in the deprivation of Plaintiff's rights under the First Amendment. Because Plaintiff also seeks injunctive relief in connection with these claims, the Court will allow Counts 1 and 3 to proceed against those individuals who are responsible for ensuring that any injunctive relief is carried out, *i.e.*, Lawrence's head warden (Steve Duncan) and the IDOC's current director (John Baldwin), in their official capacities only. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

The Free Exercise Claim in Counts 1 and 3 shall be dismissed against all other defendants. The allegations do not suggest that anyone else was personally involved in the decision to deny Plaintiff access to group worship services or a kosher diet. Although Plaintiff alleges that the other defendants knew about and condoned these policies, customs, or practices, the complaint offers nothing other than conclusory allegations in support of this assertion.

As for the RLUIPA claims in Counts 1 and 3, the proper defendants named in connection with these claims are those who have the responsibility of carrying out any injunctive relief that is ordered--whether or not the individual(s) personally participated in the underlying statutory or constitutional violations. This is because injunctive relief is the only possible remedy. *See, e.g., Grayson*, 666 F.3d at 451; *Nelson v. Miller*, 570 F.3d 868, 886-89 (7th Cir. 2009). The warden at Lawrence, Steve Duncan, and the current IDOC director, John Baldwin, are the appropriate defendants. *See Gonzalez*, 663 F.3d at 315.

In summary **Count 1** shall proceed against Chaplain Vaughn, in his individual capacity, and against Warden Duncan and IDOC Director Baldwin, in their official capacities. **Count 3** shall proceed against Chaplain Keim, in his individual capacity, and against Warden Duncan and IDOC Director Baldwin, in their official capacities. Both claims are dismissed without prejudice against all other defendants.

**Count 2 – Retaliation**

Prison officials may not retaliate against inmates for filing grievances. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and

if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). When asserting a claim of retaliation, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

According to the complaint, Plaintiff was denied access to group Sabbath Day services, after Chaplain Vaughn told him that he would "lose" if he filed grievances against the chaplain. Plaintiff's allegations of retaliation are sufficient to support a claim against Chaplain Vaughn at this early stage. Accordingly, **Count 2** shall receive further review against Chaplain Vaughn. No other defendants are named in connection with Count 2, and this claim is considered dismissed without prejudice against all other defendants.

**Count 4 – Equal Protection**

Count 4 presents a colorable claim under the Fourteenth Amendment's Equal Protection Clause against Chaplain Keim. Plaintiff alleges that his request for a kosher diet was treated differently because of his race. The Equal Protection Clause forbids a state to "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XVI, § 1. A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n. 7 (7th Cir.), cert. denied, 484 U.S. 935 (1987) (citing *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decision[-]maker singled out a particular group for disparate treatment and

selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango*, 681 F.2d at 1104).

Allegations in the complaint suggest that Plaintiff's requests for a kosher diet were treated differently because of his race, and this gives rise to a colorable equal protection claim against Chaplain Keim. The Court is unable to dismiss **Count 4** against this defendant. No other defendants are mentioned in connection with this claim, and the claim is therefore considered dismissed without prejudice against all other defendants.

### Pending Motions

Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2), which shall be addressed in a separate Order of this Court.

Plaintiff filed a Motion for Service of Process at Government Expense (Doc. 3), which is hereby **GRANTED in part** with respect to Defendants **VAUGHN, KEIM, DUNCAN,** and **BALDWIN** and **DENIED in part** with respect to all other defendants.

Plaintiff filed a Motion for Preliminary Injunction (Doc. 4), which shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for resolution as soon as practicable.

Plaintiff filed a Motion for Recruitment of Counsel (Doc. 5), which shall also be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for resolution.

Finally, Plaintiff filed a Motion for Law Library Attendance (Doc. 6), which is hereby **DENIED** without prejudice because of Plaintiff's failure to describe any efforts on his part to request additional access to the law library before seeking the Court's intervention.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above, **COUNT 1** shall proceed against Defendants **VAUGHN (individual capacity only)**, **DUNCAN (official capacity only)**,

and **BALDWIN (official capacity only)**; **COUNT 2** shall proceed against Defendant **VAUGHN**; **COUNT 3** shall proceed against Defendant **KEIM (individual capacity only), DUNCAN (official capacity only),** and **BALDWIN (official capacity only)**; and **COUNT 4** shall proceed against Defendant **KEIM**. These claims are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted against all defendants who are not named in connection with the claims herein.

**IT IS ORDERED** that Defendants **TREDWAY, MOORE, DUNCAN (individual capacity only), STRUBHART, ANDERSON, STOLWORTHY, TAYLOR, GODINEZ,** and **BALDWIN (individual capacity only)** are **DISMISSED** without prejudice from this action.

**AS TO COUNTS 1, 2, 3,** and **4**, the Clerk of Court shall prepare for Defendants **VAUGHN, KEIM, DUNCAN (official capacity only),** and **BALDWIN (official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address


shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including resolution as soon as practicable of Plaintiff's Motion for Preliminary Injunction (Doc. 4) and resolution of the Motion for Recruitment of Counsel (Doc. 5). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 29, 2016**

**s/ MICHAEL J. REAGAN**
**Chief Judge**
**United States District Court**